FILED
2017 MAR 16 PM 3:51
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KEVIN DOUTHETT,

    Plaintiff,

vs.

CASE NO.: 5:17-cv-110-Oc-39PRL

CENTRAL FLORIDA KFC, INC., a
Florida For Profit Corporation, and
JANICE KENDRICKS, Individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KEVIN DOUTHETT, by and through the undersigned attorney, sues the Defendants, CENTRAL FLORIDA KFC, INC., a Florida Corporation, and JANICE KENDRICKS, Individually, and alleges:

1. Plaintiff, KEVIN DOUTHETT, was an employee of Defendants and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiff, KEVIN DOUTHETT, was an hourly paid employee who worked at Defendants' property within the last three years in Wildwood, Sumter County, Florida.

3. Plaintiff, KEVIN DOUTHETT, was employed with Defendant from approximately July 2016 through December 2016.

4. Plaintiff, KEVIN DOUTHETT, worked for Defendants as an hourly paid employee at an hourly rate of $10.00 per hour.

5. Defendant, CENTRAL FLORIDA KFC, INC., is a Florida for profit Corporation

1

that operates and conducts business in Wildwood, Sumter County, Florida and is therefore, within the jurisdiction of this Court.

6. Defendant, CENTRAL FLORIDA KFC, INC., operates as a franchised Taco Bell fast food restaurant located at 428 FL-44, Wildwood, Florida 34785.

7. Plaintiff, KEVIN DOUTHETT, was classified as a non-exempt employee and entitled to overtime wages.

8. Plaintiff, KEVIN DOUTHETT, was supervised and managed by JANICE KENDRICKS.

9. At all times relevant to this action, JANICE KENDRICKS was an individual resident of the State of Florida, who managed and operated CENTRAL FLORIDA KFC, INC., and who regularly exercised the authority to: (a) hire and fire employees of CENTRAL FLORIDA KFC, INC.; (b) determine the work schedules for the employees of CENTRAL FLORIDA KFC, INC., and (c) control the finances and operations of CENTRAL FLORIDA KFC, INC.. By virtue of having regularly exercised that authority on behalf of CENTRAL FLORIDA KFC, INC., JANICE KENDRICKS is/was an employer as defined by 29 U.S.C. § 201, et seq.

10. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

11. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

12. During Plaintiff's employment with Defendants, Defendant, CENTRAL FLORIDA KFC, INC., earned more than $500,000.00 per year in gross sales.

13. Defendant, CENTRAL FLORIDA KFC, INC., employed approximately twenty (20) employees and paid these employees plus earned a profit from their business.

14. During Plaintiff's employment, Defendant, CENTRAL FLORIDA KFC, INC., employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce.

15. Additionally, Defendant, CENTRAL FLORIDA KFC, INC., specifically engages in interstate commerce by selling fast food to motorists traveling through Florida on nearby Interstate 75.

16. Therefore, at all material times relevant to this action, Defendant, CENTRAL FLORIDA KFC, INC., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA Violations

17. At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all overtime hours worked.

18. During his employment with Defendant, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

19. Based upon these above policies, Defendants have violated the FLSA by failing to pay complete overtime pay.

20. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

21. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-

20 above as though stated fully herein.

22. Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

23. During his employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half compensation for all overtime hours worked.

24. Specifically, Plaintiff was paid for some overtime but was not paid for all the overtime hours worked.

25. Additionally, Defendants had a method and/or policy of altering Plaintiffs hours to reflect fewer overtime hours than actually worked.

26. For example, for the two week pay period of November 23, 2016 through December 6, 2016, Plaintiff was paid for 80 hours of straight time and 7.80 hours of overtime. However, based upon Plaintiff's time records, he actually worked 100.12 hours total for the pay period (20.12 hours of overtime). *See Exhibit "A"*

27. Defendants routinely failed provide accurate overtime compensation for numerous pay periods.

28. Defendants did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

29. In addition, Defendants failed to post the required informational listings for the Plaintiff and other employees pursuant to the FLSA.

30. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

31. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

32. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, KEVIN DOUTHETT demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this  7  day of March, 2017

_____
Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff